# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA

**Cheryl Dean Riley**  **OFFICE OF THE CLERK OF COURT**  **Michelle Widmer-Eby**
**Clerk of Court**  **POST OFFICE BOX 471**  **Chief Deputy Clerk**
**WHEELING, WEST VIRGINIA 26003**
**(304) 232-0011**
**Facsimile (304) 233-2185**

September 29, 2021

Via CM/ECF
Nationwide Insurance Company of America
c/o Tammy R. Harvey
Jackson Kelly PLLC - Charleston
500 Lee Street
Suite 1600
PO Box 553
Charleston, WV 25322
and
Joseph L. Caltrider
Bowles, Rice, McDavid, Graff & Love, LLP - Martinsburg
PO Drawer 1419
Martinsburg, WV 25401

Via CM/ECF
Boyd S. Faircloth
c/o Laura V. Faircloth
Law Offices of Laura V. Faircloth & Associates
329 S. Queen St.
P.O. Box 2059
Martinsburg, WV 25401

Via CM/ECF
Tony M. Elliott,
Michelle J. Elliot, and
Allen W. Elliot, Sr.
c/o Alex A. Tsiatsos
Wm. Richard McCune, Jr., P.L.L.C.
115 West King Street

Martinsburg, WV 25401
and
Wm. Richard McCune , Jr.
Wm. Richard McCune, Jr., PLLC
115 W. King Street
Martinsburg, WV 25401

      In Re:  Nationwide Insurance Company of America v. Boyd S. Faircloth, et al.
         Civil Action No.   3:12-cv-4

Dear Nationwide Insurance Company of America, Boyd S. Faircloth, Tony M. Elliot, Michelle J. Elliot, and Allen W. Elliot, Sr.,

    I have been contacted by Chief Judge, Gina M. Groh, who presided over the above-mentioned case. Judge Groh informed me that it has been brought to her attention that while she presided over the case, her husband owned stock in Nationwide. Her husband's ownership of stock neither affected nor impacted her decisions in this case, which was settled as to claims against Defendant Faircloth by Stipulation, and the case was ultimately terminated after full settlement upon entry of a Dismissal Order. However, her husband's stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Groh directed that I notify the parties of the conflict.

> Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:
>
> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.
>
> Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified." With Advisory Opinion 71 in mind, you are invited to respond

500 West Pike Street, Room 301      P.O. Box 1518      217 W. King Street, Room 102
Clarksburg, WV 26302           Elkins, WV 26241           Martinsburg, WV 25401
(304) 622-8513               (304) 636-1445             (304) 267-8225

to Judge Groh's disclosure of a conflict in this case. Should you wish to respond, please submit your response in writing by filing it on the docket of this case on or before **October 13, 2021**. Any response will be considered by another judge of this court without the participation of Judge Groh.

Sincerely,

*Cheryl Dean Riley*

Cheryl Dean Riley,
Clerk of Court